CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 25, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN WASHAM, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:24-cv-00610 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN GULLEY, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Richard Allen Washam, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against Respondent Warden Gulley. (*See* ECF No. 1.) This matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules") (made applicable to § 2241 petitions under Rule 1(b)). For the following reasons, Washam's petition will be denied.

## I. BACKGROUND

In his petition, Washam claims that the "[c]onditions of confinement" at USP Lee where he was housed "constitute[d] Cruel and Unusual Punishment" in . . . [v]iolation of the Eighth Amendment." (ECF No. 1 at 2.) Specifically, Washam complains that officials at USP Lee removed the light switches from his cell which prevented him from being able to read, write, study, or "do any legal work[.]" (*Id.* at 2, 7.) Washam further claims that his "cell [was] without adequate lighting to properly see the restroom for use at night, creating a sanitation issue[.]" (*Id.* at 8.)

The Federal Bureau of Prison's website indicates that Washam is no longer housed at USP Lee. *See* https://www.bop.gov/inmateloc (indicating that Richard Allen Washam # 17294-039 is "Located at: Leavenworth FCI") (last visited Aug. 24, 2026).

## II. ANALYSIS

Rule 4 of the 2254 Rules provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The 2254 Rules are applicable to § 2241 petitions under Rule 1(b).

"Section 2241 habeas petitions are appropriate when an inmate seeks to challenge 'the very fact or duration of his physical imprisonment.'" *Rodriguez v. Ratledge*, 715 F. App'x 261, 265 (4th Cir. 2017) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Conversely, "challenges to [a federal inmate's] conditions of confinement are appropriately raised not in a § 2241 petition, but in a civil rights action under *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]." *Neal v. U.S. Penitentiary Lee*, No. 7:20-cv-00295, 2020 WL 4333004, at *1 (W.D. Va. July 27, 2020) (collecting cases); *see also Overton v. Gilley*, No. 7:25-cv-00397, 2026 WL 1365097, at *2 (W.D. Va. May 15, 2026) (holding that claims challenging an inmate's conditions of confinement "are not cognizable under § 2241" and therefore subject to dismissal).

Here, the sole claim raised in Washam's § 2241 petition is one challenging his conditions of confinement at USP Lee. (*See* ECF No. 1.) But as discussed, such a claim is not cognizable in a § 2241 petition and must instead be raised in a *Bivens* action. *See Neal*, 2020 WL 4333004, at *1. As Washam's sole claim is not cognizable under § 2241, his petition will be denied.

## III. CONCLUSION

For the reasons set forth above, Washam's § 2241 petition will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Washam.

**ENTERED** this 25th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE